```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION


ANTHONY L. COOPER,

              Plaintiff,

v.                              Case No. 3:07-cv-711-J-12HTS

JAMES MCDONOUGH, etc.; et al.,

              Defendants.
```

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a pleading entitled, "Petitioner § 1983 Complaint Emergency Relief Petition" (Doc. #1) (hereinafter Complaint). Plaintiff raises several unrelated claims in the Complaint.

First, he contends that he was forced to eat a vegan diet from June 1, 2007, through July 14, 2007, even though he did not request such a diet. He alleges that he suffered from food poisoning one day from spoiled vegetables on his food tray.

Plaintiff also asserts that on July 13, 2007, Sergeant Jacobs slammed Plaintiff's hands as a nurse was providing Plaintiff with his medication through the food flap in his door. Thereafter, Plaintiff requested to be examined by medical personnel; however, his request was denied.

Plaintiff also alleges that on July 14, 2007, two officers approached his cell to give Plaintiff a haircut and a shave.

Plaintiff contends that Sergeant Jacobs knew that Plaintiff had been injured in the past because the barber used dull blades. Sergeant Jacobs told Plaintiff that he was going to write a false disciplinary report pertaining to Plaintiff's haircut.

Finally, Plaintiff contends that prison officials have been harassing him and repeatedly denying his requests for forms, legal paper, ink pens and envelopes. He claims that these retaliatory acts are taken to stop Plaintiff from engaging in litigation.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of Case Number 4:02cv76-RH, which was brought by Plaintiff Cooper[1] in the United States

---

[1] The docket sheet in that case, which is available for viewing on the Pacer Service Center's U.S. Party/Case Index, shows that this case was brought by Plaintiff because the name and inmate number of the Plaintiff in that case are identical to the name and inmate number of the Plaintiff in this case. See http://pacer.uspci.uscourts.gov/index.html.

District Court for the Northern District of Florida, Tallahassee Division. In a Report and Recommendation (Doc. #4) entered in that case on March 7, 2002, the United States Magistrate Judge recommended that Plaintiff's case be dismissed because he had filed the following cases in that court that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted: (1) 3:00cv135; (2) 4:98cv197; (3) 3:00cv89; and, (4) 3:00cv51. The Report and Recommendation was adopted by the United States District Judge, and the case was dismissed on April 18, 2002.

Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a civil rights complaint form and paying the full $350.00 filing fee.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is **DISMISSED** without prejudice.

2.   The Clerk shall enter judgment dismissing this case without prejudice and close this case.

3.   The Clerk shall send a Civil Rights Complaint Form to Plaintiff. If Plaintiff elects to refile his claims in a separate action, he may complete and submit this form. Plaintiff should not

place this case number on the form. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

**DONE AND ORDERED** at Jacksonville, Florida, this 15TH day of August, 2007.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

ps 8/15
c:
Anthony L. Cooper

- 4 -